## 12361

### WELBORN v. HOLDER

#### (141 S. E., 448)

1. DEEDS—RULE IN SHELLEY'S CASE HELD INAPPLICABLE TO CONVEYANCE TO ONE IN TRUST FOR USE AND BENEFIT OF ANOTHER AND HIS HEIRS. Rule in Shelley's Case *held* inapplicable to deed conveying property to R. B., in trust for use and benefit of G. B. and his heirs, since no life estate is conveyed to G. B., and no remainder created in his heirs.

2. TRUSTS—TRUST HELD PASSIVE, WHERE NO DUTIES WERE IMPOSED ON TRUSTEE, AND STATUTE EXECUTES USE IN CESTUI QUE TRUST (CIV. CODE 1922, § 5450).—Under deed conveying property to one in trust for use and benefit of another and his heirs, no duties whatsover being imposed on Trustee, trust created is passive trust, and statute of uses (Civ. Code 1922, § 5450), executes use in *cestui que* trust.

Before MAULDIN, J., Pickens, October, 1927. Affirmed.

Suit by C. L. Welborn against Harold Holder. Judgment for plaintiff, and defendant appeals.

This action was brought for the specific performance of a contract for the purchase of certain land owned by plaintiff.

The case came on to be heard before me on October 14, 1927, upon the pleadings filed. After hearing the arguments

NOTE: On application of rule in Shelley's to wills and deeds, see annotation in 29 L. R. A. (N. S.), 1038; 24 R. C. L., 896.

of attorneys, and after due consideration of the matter, I am of the opinion that the relief prayed for in the complaint should be granted.

It appears that on September 1, 1927, the plaintiff and the defendant entered into a contract, wherein plaintiff agreed to sell, and the defendant to buy, for the sum of $5,000.00, a tract of land containing 54 acres of land situate in the County of Pickens, S. C., adjoining the lands of McD. Farmer, Monroe Jameson, R. P. Bowen, and Reece Bowen estate. The deed was to be made on September 15, 1927, and the transaction to be closed upon the following terms: $1,000.00 was to be paid in cash, the balance to be paid in four equal annual installments of $1,-000.00 each, the deferred payments to bear interest at the rate of 8 per cent. per annum, and to be secured by a mortgage on the land conveyed.

The plaintiff has offered to comply, and has tendered defendant a fee-simple warranty deed, which defendant has refused to accept, claiming that plaintiff has only a life estate in the land in question.

It appears that plaintiff's chain of title is founded upon a deed dated August 21, 1900, executed by John Y. Bowen, W. T. Bowen, R. A. Bowen, Reece Bowen, Lawrence O. Bowen, Pickens Bowen, M. H. Bowen, Martha E. Nimmons, Nancy J. Nimmons, and S. A. Allgood to "Reece Bowen, his executors, administrators, trustee for the use and benefit of G. W. Bowen, his heirs." The consideration named was $900.00 and the habendum was as follows: "To have and to hold all and singular the said premises before mentioned unto the said Reece Bowen, his executors, administrators, trustee for the use and benefit of the said G. W. Bowen and his heirs. The above-described property, at the death of the said G. W. Bowen, to be freed from the above set forth trust and descend to the heirs of said G. W. Bowen: *Provided,* That our mother, Elizabeth

Bowen, shall have the rents, profits of said land so long as she lives."

Mrs. Elizabeth Bowen, referred to in this deed, departed this life on or about the —— day of April, 1902.

The plaintiff's position is that the deed in question conveyed a fee-simple title to G. W. Bowen, while the defendant contends that only a life estate was vested in G. W. Bowen.

I hold:

1. That the trust created by the deed is passive. There are no duties whatsoever imposed upon the trustee. He is not to collect the rents and profits, or to make any conveyance of the land. Under the Statute of Uses (Section 5450, Civil Code of South Carolina, 1922), the trust was therefore at once executed, and the fee became vested in the parties entitled to the use.

The general rule is well stated in the leading case of *Faber v. Police,* 10 S. C., 376, in which the Court said: "The rule undoubtedly is, that where there is a conveyance to one for the use of another, and the trustee is charged with no duty which renders it necessary that the legal estate should remain in him to enable him properly to perform such duty, the Statute of Uses executes the use and carries the legal title to the *cestui que* use."

The following authorities also sustain this principle: *Holmes v. Pickett,* 51 S. C., 271; 29 S. E., 82. *Kirton v. Howard,* 137 S. C., 11; 134 S. E., 859. *Spann v. Carson,* 123 S. C., 371; 116 S. E., 427. *Foster v. Glover,* 46 S. C., 522; 24 S. E., 370.

2. As to the estate which became vested in the *cestui que* trust, I hold that a fee-simple title to the land in question became vested in G. W. Bowen.

The grant in this case is to Reece Bowen, his executors, administrators and assigns, in trust for the use and benefit of "G. W. Bowen and his heirs." The expression "G. W.

Bowen and his heirs" is used, both in the habendum and the granting clause, and, under the rule in Shelley's Case, G. W. Bowen took the whole estate in fee simple. The word "heirs" denotes an indefinite line of descent, and operates to convey a fee simple. The expression, "the above-described property at the death of the said G. W. Bowen to be freed from the above set forth trust and descend to the heirs of the said G. W. Bowen," does not prevent the operation of the rule. The fact is that it serves to make a stronger case of the conveyance of a fee simple.

Reference to a few of the leading cases in this State will be sufficient.

In *Clark v. Neves,* 76 S. C., 484; 57 S. E., 614; 12 L. R. A. (N. S.), 298, it is said: "Under the rule in Shelley's Case, if an estate of inheritance be given to the ancestor and a remainder be thereon limited to his heirs, or to the heirs of his body, such remainder is immediately executed in possession in the ancestor, so that the ancestor takes the whole estate in fee simple if the limitation be to heirs general, and in fee conditional if the limitation be to the heirs of the body.

In *Kennedy v. Colclough,* 67 S. C., 118; 45 S. E., 139, the conveyance was to a trustee in trust " 'for the sole and separate use of the said W.' * * * 'during her life and after her death to her heirs at law forever.' " It was held that these words indicated an indefinite succession of interest; that the rule in Shelley's Case applied and W. took a fee-simple estate.

See, also, *Davenport v. EsKew,* 69 S. C., 292; 48 S. E., 223; 104 Am. St. Rep., 798. *Williams v. Foster,* 3 Hill, Law, 193; *Browning v. Hoover,* 95 S. C., 32; 78 S. E., 521.

In *Poston v. Midland Timber Co.,* 76 S. C., 36; 56 S. E., 546, the deed in question was: "To have and to hold all and singular the said premises" to "Virginia C. Prosser, her lifetime, and at her decease to her lawful heirs, * * *

heirs and assigns forever." It was held that the grantee took an estate in fee simple, and not an estate for life.

3. It is unnecessary, in view of the rules which I have already announced, to consider at any length the point made by defendant that, under the terms of the deed in question, there is a resulting trust in favor of the grantors. The intention of the grantors to convey the entire estate is apparent. The deed itself not only contains apt words to convey a fee, but the consideration paid evidences the clear intention of the grantors to part with all their interest in the property.

As stated in *Foster v. Glover,* 46 S. C., 522; 24 S. E., 370: "What estate, therefore, did the grantor intend to convey to the *cestui que* trust? It is settled * * * that where a trust deed is based upon a valuable consideration, however small,. this fact may be taken as evidence of the intention of the grantor to convey the whole estate, and it will usually be held to prevent a resulting trust in the grantor or his heirs. In this case the deed was made in consideration of $50.00, paid by the trustee. It is evident, therefore, that the grantor meant to convey the whole estate without resulting trust to the grantor or his heirs. The grant of the fee to the trustee with no possibility of reverter, discloses the intent that the whole estate conveyed should go to the beneficiaries, the object of his love and bounty."

Further evidencing the intention of the grantors to convey to G. W. Bowen a fee-simple estate without possibility of reverter, are the deeds executed in 1920 by John Y. Bowen, and the other grantors named in the deed of August 21st, 1900, in which it is stated: "This land was owned by our father, Reece Bowen, at the time of his death, and, he having died without disposing of same by will or otherwise, the grantors herein, with the other heirs at law of the said Reece Bowen, undertook to convey the same to the grantee by a deed dated August 21, 1900, and recorded in Pickens

County, S. C., in Book U, p. 325, but, being advised that only a life estate was thereby conveyed to the said G. W. Bowen, we now wish to correct said deed by making to the grantee a fee-simple title to our interest in said land, for which purpose this conveyance is made, and we further hereby revoke the trust created by said deed."

4. It appears that G. W. Bowen, on January 1, 1925, conveyed the property in question to the plaintiff, C. L. Welborn, by fee-simple warranty deed. Plaintiff is now the owner of the land in fee simple and in a position to comply with his contract to sell same to the defendant, Harold Holder.

It is, therefore, ordered, adjudged, and decreed that the defendant, Harold Holder, do comply with the contract to purchase said property, and that, upon execution and delivery by the plaintiff to the defendant of a fee-simple warranty deed conveying said property, the said Harold Holder do pay over to C. L. Welborn the sum of $1,000.00, and do execute and deliver his notes for the sum of $4,-000.00, secured by a mortgage of said premises, all in accordance with the terms and provisions of the contract of sale as set forth in the complaint.

*Mr. C. E. Robinson,* for appellant, cites: *Habendum and warranty clauses of this deed do not change or alter the estate granted, which shows an intention all the way through to convey a life estate:* 48 S. C., 341; 84 S. C., 427; 114 S. C., 501.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *Deed created naked trust here and under Statute of Uses the trust was executed and the estate became vested in the cestui que trust:* 10 S. C., 376; 123 S. C., 371; 51 S. C., 271; 46 S. C., 522. *Under rule in Shelley's Case, the deed operated to convey an estate in fee simple:* 76 S..C., 484; 67 S. C., 118; 69 S. C., 292; 95 S. C., 32; 3 Hill, 193; 76 S. C.,

36. *Cases distinguished:* 114 S. C., 501; 48 S. C., 341; 84 S. C., 427.

January 25, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Mauldin, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER (concurring in result):

We concur in the result. We do not think that the rule in Shelley's Case has any application, for the reason that no life estate is conveyed to G. W. Bowen, and no remainder in his heirs is created. The trust is a passive trust, and the statute executes the use in G. W. Bowen in fee.